PER CURIAM.
Glen Nunley and Wyley D. Ward (collectively “Nunley”), appeal from a judgment ordering a new election as to the office of Madison County commissioner, place four (case 1920506). Consolidated with this appeal for purposes of review is the appeal by the State on the relation of Harold L. Green, who sought to have removed the commissioner who was “held over” until that new election can be concluded (case 1920853).
Nunley sued, complaining that the defendant, Grady Abernathy, had been wrongly declared elected to the place four seat on the Madison County Commission as a result of illegal voting. Abernathy does not dispute that this illegal voting occurred and that, subtracting the illegal votes, Nunley had a majority of the votes cast.
The election in question was a Madison County general election held on November 3, 1992. Abernathy, the incumbent, ran opposed by Nunley and John Sebastian. On November 6, 1992, the county board of supervisors declared that Abernathy was elected county commissioner for place four, based on the number of votes certified as cast for each of the candidates in the race. The votes certified showed Abernathy with 9,123, Nunley with 8,618, and Sebastian with 728. Nunley contested the election, based, in pertinent part, on allegations of illegal voting in precinct 37.
Precinct 37 is a “split precinct” in that some of the persons who vote in precinct 37 are eligible (depending on their place of residence) to vote only for county commissioner place six, and others who vote in *923 that precinct can vote only for county commissioner place four. Evidently through inadvertence, many place six voters at precinct 37 wrongly voted in the place four election.[1] Based on these wrongly cast votes, Abernathy appeared to have won the place four race. Nunley contested the election, and the trial court ordered a new election, finding that Nunley, with 8,344 legal votes, rather than Abernathy with 8,313 legal votes, had a majority of the legal votes cast. From the trial court’s order requiring a new election (rather than entering a judgment naming Nunley the victor), Nunley appeals.
Also, pending the new election ordered by the court, Abernathy, as stated, was “held over” as the place four commissioner. Green, a place four resident, sued to have Abernathy removed from office pending the new election. The trial court entered a judgment denying Green relief. From this judgment, Green appeals.
At issue in the Nunley appeal is whether the law provides that a judgment be entered declaring Nunley elected, or, as the trial court determined, that a new election should be conducted. Alabama Code 1975, § 17-15-32, states, inter alia:
“If, on ... the contest of any election ... it shall appear that any person other than the one whose election is contested, received or would have received, had the ballots intended for him and illegally rejected been received, the highest number of legal votes, judgment must be given declaring such person duly elected....”
Abernathy says that § 17-15-32 provides only for a judgment “declaring the [correct] person duly elected,” where the curative action involved is the addition of legal votes wrongfully not counted, rather than, as here, the subtraction of illegal votes that should never have been counted. Similarly, the trial court determined that no statutory provision offered the election contest remedy of a judgment declaring the correct person “elected,” where the curative action involves the subtraction of illegal votes. The trial court ruled that in the absence of any such remedy, it had the implied authority under the general provisions of § 17-15-2 to order a new election.[2] We reverse, because we conclude that § 17-15-32 applies here to offer the remedy Nunley sought, i.e., a judgment declaring him to have been elected.
Specifically, § 17-15-32 applies to offer the remedy of “declaring the [correct] person duly elected”: 1) where, as here, the contestant successfully demonstrates that, ignoring (or “subtracting”) illegal votes, he or she actually received the majority of the votes cast, i.e., where “it shall appear that any person other than the one whose election is contested, received ... the highest number of legal votes,” and; 2) where the contestant successfully demonstrates that adding all of the legal votes cast (where some of those legal votes had been wrongly “rejected” previously) he or she is the true victor, i.e., where “any person other than the one whose election is contested ... would have received [the highest number of votes], had the ballots intended for him and illegally rejected been received.”[3]
*924 In so holding, we do not reach the question whether Ala.Code 1975, § 17-4-127, which could dictate the same result, also applies. That section, which deals with voters voting in the wrong precinct, district, or ward, provides:
“It shall be unlawful for any elector to cast his or her ballot during any general election ... in any precinct, any district, any ward or any other subdivision where his or her name does not duly appear upon the official list of such precinct, district, ward or subdivision. All ballots cast in any election contrary to the provisions of this section are hereby declared illegal and, upon a contest duty instituted, such ballots shall be excluded in determining the final result of any election....”
(Emphasis added.)
We reverse the judgment of the trial court to the extent that it ordered a new election, and we remand this case so that it may enter a judgment declaring Nunley elected.
In the Green appeal, Green argues that the trial court erred in allowing Abernathy to remain in office. Necessarily, for the trial court to enter a judgment consistent with our holding in Nunley’s appeal, it must remove Abernathy from office. Thus, the effect of our holding in the Nun-ley case renders the Green appeal moot. It is dismissed.
1920506 — REVERSED AND REMANDED.
1920853 — DISMISSED.
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON and KENNEDY, JJ., concur.

. These place six voters did not vote in the place six race. Because the incumbent candidate in place six ran unopposed, this did not affect the place six race.

. Ala.Code 1975, § 17-15-2, provides:
"No malconduct ... which prevented a fair, free and full exercise of the elective franchise can annul or set aside any election unless thereby the person declared elected and whose election is contested is shown not to have received the highest number of legal votes, nor ... annulled or set aside because of illegal votes given to the person whose election is contested, unless it appears that the number of illegal votes given to such person, if taken from him, would reduce the number of votes given to him below the number of legal votes given to some other person for the same office. No election shall be annulled or set aside because of-the rejection of legal votes unless it appears that such legal votes, if given to the person intended, would increase the number of his legal votes to or above the number of legal votes received by any other person for the same office.”

.As stated, 17-15-32 provides:
“If, on ... the contest of any election, ... it shall appear that any person other than the one whose election is contested, [ (1) ] received or [ (2) ] would have received had the ballots intended for him and illegally rejected been received, the highest number of legal *924 votes, judgment must be given declaring such person duly elected_”